# Court of Appeals
# of the State of Georgia

ATLANTA,  September 12, 2025

*The Court of Appeals hereby passes the following order:*

**A26A0255. DIONTE JOHNSON v. THE STATE.**

Dionte Johnson was convicted of battery and other offenses, and the trial court imposed sentence on April 19, 2023. Johnson filed a timely motion for new trial, but the record does not contain any ruling on the motion. Johnson filed this direct appeal on June 4, 2025. We lack jurisdiction.

Defendants in criminal cases may take immediate appeals from final judgments, which OCGA § 5-6-34 (a) (1) defines as when "the case is no longer pending in the court below." *Seals v. State*, 311 Ga. 739, 739 (860 SE2d 419) (2021), disapproved in part on other grounds, *Gonzales v. State*, 315 Ga. 661, 665 n. 7 (1) (b) (884 SE2d 339) (2023). "When a motion for new trial is pending, any notice of appeal to an appellate court has not yet ripened, and absent an applicable exception such as an interlocutory appeal as provided in OCGA § 5-6-34 (b), any appeal must be dismissed." *Donovan v. State*, 362 Ga. App. 408, 408-409 (1) (868 SE2d 808) (2022) (punctuation omitted). In this case, given the pendency of his motion for new trial, Johnson was required to comply with the interlocutory appeal procedures — including obtaining a certificate of immediate review from the trial court — in order to bring this appeal. See *Spears v. State*, 360 Ga. App. 776, 777 (861 SE2d 619) (2021); OCGA § 5-6-34 (b).

Johnson's failure to comply with the interlocutory appeal procedures deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,*__09/12/2025_____

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*